## Wood v. Bradley.

*Fraudulent Debtors' Act—Affidavit for warrant—Removal and conceal-
ment of property—Act of July 12, 1842.*

A warrant of arrest under the 3rd section of the Act of July 12, 1842, P. L. 339,
on the ground that the defendant, who was plaintiff's tenant, has removed and con-
cealed personal property which would have been subject to distraint, cannot be
maintained unless the affidavit upon which it is based contains an averment of the
defendant's ownership of the property or an explanation of the circumstances that
rendered it surety for the payment of the rent.

Motion to quash warrant of arrest.  C. P. No. 5, Phila. Co., June T., 1921,
No. 9901.

*C. G. Kirsch*, for plaintiff; *R. V. Bolger*, for defendant.

PER CURIAM, April 2, 1923.—On Sept. 1, 1921, a summons in *assumpsit*
issued in the above entitled case, which was served.  A statement of claim
and affidavit of defence were filed.

Upon presentation of an affidavit by plaintiff for a warrant of arrest on
Dec. 5, 1921, a warrant issued, which defendant moved to quash.

The affidavit for the warrant averred that J. F. Bradley "is justly and truly
indebted to this deponent in the sum of $2250, with interest thereon from
June 1, 1921, being the amount of rent due under the terms of a certain lease
of the premises No. 1606 Ludlow Street, dated July 1, 1920, a true and correct
copy of which is hereto attached."

That for the recovery of the said amount suit was duly brought on Sept. 2,
1921, in the Court of Common Pleas No. 5 of the said County of Philadelphia,
to the number and of the term above set forth.

That for the said debt defendant cannot be arrested or imprisoned by virtue
of the 1st section of the Act of July 12, 1842, P. L. 339.

That on or about July 1, 1920, the said defendant entered into the said con-
tract and placed certain personal property on the said premises No. 1606
Ludlow Street, in the City of Philadelphia, which thereby became security
for the payment of the rent reserved under the said lease, and therefrom the
said defendant fraudulently removed and concealed the said personal property
with the intention to cheat and defraud his creditors, among whom is this
deponent.

He is informed and believes that the defendant fraudulently removed the
said property without the jurisdiction of the court, and that the defendant's
specific purpose in so fraudulently removing and concealing the said property
was in order to prevent same being taken in execution by this deponent upon a
judgment to be entered in the above suit.

In the lease, a copy of which is attached to the affidavit, plaintiff is the
lessor and H. J. Armington and J. F. Bradley, trading as Armington-Bradley
Company, are lessees.  The property leased is described as premises No. 1606
Ludlow Street.  The term is for three years from July 1, 1920, at the rental
of $90 per month.

In the motion to quash, defendant assigned as reasons that the facts set
forth in the affidavit for the warrant of arrest were insufficient.

The affidavit does not contain requisite facts, in that it does not set forth
any of the requirements contained in paragraph 3 of the Act of Assembly
made and approved July 12, 1842, P. L. 339, as well as supplements thereto.

The affidavit states that "the said defendant entered into the said contract
and placed certain personal property on the said premises, . . . therefrom the
said defendant fraudulently removed and concealed said personal property."

It does not state, however, that the defendant removed and concealed his property as in the act required.

There is nothing in the affidavit to indicate when the rent fell due, further than the claim for interest from June 1, 1921; and no averment of defendant's ownership in or explanation of the circumstances that rendered the personal property alleged to have been on the premises surety for the payment of the rent. To authorize the issuing of a warrant of arrest, the affidavit should set forth that defendant is about to remove his property out of the jurisdiction of the court in which the suit is brought with intent to defraud his creditors, or that he has assigned, removed or disposed of, or is about to dispose of, any of his property with intent to defraud his creditors.

The authority for proceeding by warrant of arrest is conferred by the Act of July 12, 1842, P. L. 339.

Having failed to comply with the terms of the act, plaintiff is not entitled to the writ. Motion allowed.